IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| TIMOTHY J. HANSEN, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV03-212-S-EJL |
| | ) | |
| vs. | ) | **MEMORANDUM ORDER** |
| | ) | |
| STATE OF IDAHO, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Pending before the Court in this habeas corpus action are Petitioner's Motion to Reopen Petition for Habeas Corpus (Docket No. 22-1), Petitioner's Motion to Amend (Docket No. 22-2), Petitioner's Motions for Appointment of Counsel (Docket Nos. 23 & 31), and Petitioner's Motion for Summary Judgment (Docket No. 25).   The Court previously ordered Respondent to file responses to Petitioner's Motions, and the Court allowed Petitioner to file replies.   Having considered the parties' arguments, as well as the record in this case, the Court enters the following Order.

**I.**

**MOTION TO REOPEN CASE
AND MOTION TO AMEND PETITION**

A.      **Background**

Petitioner was convicted by jury of conspiracy to traffic in methamphetamine.   On January 14, 2002, he was sentenced to a term of imprisonment of five years fixed, followed by ten years

**MEMORANDUM ORDER - 1**

indeterminate.  Petitioner's conviction and sentence were affirmed on appeal, with the remittitur entered on May 23, 2003.  *See State's Exhibits B-10 and B-11.*

While the direct appeal was pending, on April 10, 2002, Petitioner filed a motion for a new trial, among other motions.  That motion was denied, and the denial was affirmed by the Idaho Court of Appeals.  The Idaho Supreme Court denied Petitioner's petition for review, and remittitur was entered on September 30, 2004.  *See State's Exhibits D-6 through D-10.*

While the appeal of the motion for a new trial was pending, on June 3, 2003, Petitioner filed a motion to dismiss conviction.  The trial court treated it as a post-conviction petition and denied relief.  While the case was on appeal, the State asked for the case to be remanded based on newly-issued precedent, *State v. Jakowski*, 139 Idaho 352, 79 P.3d 711 (Idaho 2003), which held that a motion filed in a criminal case cannot be considered an application for post-conviction relief.  The case was remanded on November 10, 2004.  *See State's Exhibit F-9.*

On June 21, 2005, the state trial court entered a new order dismissing Petitioner's motion to dismiss.  The Idaho Supreme Court then ordered a supplemental clerk's record, and appellate briefing was resumed on September 8, 2005.  On September 30, 2005, Petitioner requested a transcript of the hearing on the motion for new trial and requested that the briefing schedule be stayed.  The Court ordered that the transcript be provided by December 6, 2005.  The court reporter did not provide the transcript as required.  Petitioner was appointed conflict counsel, and counsel filed a motion requesting that the court reporter be ordered to show cause why he should not be held in contempt for failing to file the additional transcripts.  That motion and the appeal of the motion to dismiss are currently pending before the Idaho Supreme Court.  *See State's Exhibit F-9 through F-10.*

**MEMORANDUM ORDER - 2**

On April 23, 2004, Petitioner filed a petition for post-conviction relief.  The state district court denied the petition on August 10, 2005, and Petitioner filed a notice of appeal.  Conflict counsel was appointed.  The appeal is still pending; the clerk's record and reporter's transcripts are overdue.  *See State's Exhibits G-1 through G-3.*

In the midst of exhausting his state court remedies, on May 27, 2003, Petitioner filed this federal habeas corpus action.  Petitioner asked the Court to stay this case while he exhausted his remaining state court claims.  A stay was granted on April 15, 2004.  Petitioner now asks the Court to reopen his case despite the pendency of his state court actions challenging the same conviction.

**B.      Discussion**

Petitioner asserts that the state court system is causing inordinate delay in his attempts to pursue his state court remedies, and that his failure to exhaust his other claims in state court should be excused.  Exhaustion of state court remedies is not required if circumstances exist that render the state corrective process ineffective to protect the rights of the petitioner.  *See Coe v. Thurman*, 922 F.2d 528, 530 (9th Cir. 1990) (quoting 28 U.S.C. § 2254(b)).  The United States Supreme Court has explained:

> An exception [to the exhaustion requirement] is made only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief.  State courts are "equally bound to guard and protect rights secured by the Constitution. . . ."

*Duckworth v. Serrano*, 454 U.S. 1, 3-4 (1981) (internal citations omitted).

It is clear from the foregoing history of events in Petitioner's criminal case that Petitioner has continuously utilized the state corrective processes, including the appellate courts, since his conviction.  Petitioner's delay in being able to proceed in federal court is mostly attributable to his

**MEMORANDUM ORDER - 3**

many post-conviction motions and actions.  He now particularly argues that the state courts are unduly delaying his pending appeals.  While it appears that there is some delay in the Court of Appeals caused by the court reporter failing to provide the transcripts, it is not an inordinate delay, as the transcripts are approximately six months overdue.  Petitioner's case does not meet the standard articulated in *Duckworth v. Serrano* that the exception to exhaustion applies only "if the corrective process is so clearly deficient *as to render futile any effort to obtain relief*."  454 U.S. at 3 (emphasis added).

Petitioner's case has not been pending continuously in the Court of Appeals during the past three years, as in *Coe*.  In the midst of briefing on the motion to dismiss appeal, the case was remanded to state district court to start over, because of new legal precedent.  The process of remand and return to the appellate court took just over two years from the date of Petitioner's original filing in state district court.

Just as briefing was ordered resumed in Petitioner's motion to dismiss action, Petitioner asked for a stay pending receipt of the transcripts.  While the delay of the transcripts is not his fault, it is related to Petitioner's request to present additional state court records on appeal.  Finally, Petitioner has counsel in his two pending appeals, and there is no reason to believe that they cannot protect his interests in state court.

Petitioner has presented nothing that would cause the Court to hear the unexhausted claims or conclude that Idaho's appellate review procedures are inadequate to protect his interests.  Petitioner's multiple appeals have themselves added to the state court system's inability to adjudicate litigants' claims in a speedier fashion.  The delays in Petitioner's most recent appeals have not been shown to be inordinate, and nearly two years can be attributed to a remand.

**MEMORANDUM ORDER - 4**

Therefore, Petitioner's Motion to Re-Open and Motion to Amend Petition are denied.  When Petitioner has completed his state court actions, he may file a motion to re-open this case.

## II.

## MOTIONS FOR APPOINTMENT OF COUNSEL

Petitioner has also requested appointment of counsel.  There is no constitutional right to counsel in a habeas corpus action.  *Coleman v. Thompson,* 501 U.S. 722, 755 (1991).  A habeas petitioner has a right to counsel, as provided by rule, if an evidentiary hearing is required in his case.  *See* Rule 8(c) of the Rules Governing Section 2254 Cases.  In addition, the Court may exercise its discretion to appoint counsel for an indigent petitioner in any case where required by the interest of justice.  28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B).  Whether counsel should be appointed turns on Petitioner's ability to articulate his claims in light of the complexity of the legal issues and his likelihood of success on the merits.  *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Petitioner's request for counsel is premature.  In addition, he has demonstrated an adequate ability to articulate his motions and claims in this case.  Therefore, the Court will presently deny the request for appointment of counsel, but will reconsider it after the case is re-opened.

## III.

## MOTION FOR SUMMARY JUDGMENT

In his Motion for Summary Judgment, Petitioner asks the Court to grant his Habeas Corpus Petition because the State had not answered his Motion to Re-Open.  However, at the time Petitioner filed his Motions, the State had not yet been ordered to respond.

**MEMORANDUM ORDER - 5**

Petitioner, in essence, asks the Court to enter default judgment against the State. However, default judgment is not available in habeas corpus actions. *Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir.1990) ("The failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment."). The result of a default judgment in a habeas corpus action would be the automatic release of a prisoner from custody. *Allen v. Perini*, 424 F.2d 134, 138 (1970) (holding that "Rule 55(a) has no application in habeas corpus cases and that the return to a petition for habeas corpus is not an answer within the meaning of Rule 12."). In *Allen v. Perini*, the court further explained that "[t]he failure of State officials to file a timely return does not relieve the prisoner of his burden of proof[,]" and that "[d]efault judgments in habeas corpus proceedings are not available as a procedure to empty State prisons without evidentiary hearings." *Id.*

Because Petitioner's Motion for Summary Judgment is without legal or factual basis, it is subject to denial.

## IV.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Petitioner's Motion to Reopen Petition for Habeas Corpus (Docket No. 22-1) is DENIED.

IT IS FURTHER HEREBY ORDERED that Petitioner's Motion to Amend (Docket No. 22-2) is DENIED without prejudice.

IT IS FURTHER HEREBY ORDERED that Petitioner's Motions for Appointment of Counsel (Docket Nos. 23 & 31), are DENIED.

**MEMORANDUM ORDER - 6**

     IT IS FURTHER HEREBY ORDERED that Petitioner's Motion for Summary Judgment

(Docket No. 25) is DENIED.

DATED:  **June 15, 2006**

Honorable Edward J. Lodge
U. S. District Judge

**MEMORANDUM ORDER - 7**